PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MAYAGÜEZ SUGAR COMPANY, INC., Defendant and Appellant.

No. 3183. Argued May 19, 1927.—Decided July 7, 1927.

*Alemany & Ramírez* and *Salvador Mestre* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The information in this case charged the defendant with having a scale which registered short of weight in violation of section 15 of the act of weights and measures. The judgment found the defendant guilty of violating section 15 of the act of weights and measures. Section 15 of said act refers, not to having false weights, but to giving false measure in any transaction. The said section presupposes that somebody has been cheated. It is section 14 of the act that refers to having scales registering short of weight. The judgment simply makes reference to section 15 and does not set up the facts that constitute an infraction of any law. The *fiscal* draws attention to the fact that this court has frequently modified a judgment to make it conform to the record. We do not think we should exercise our discretion to do so under the facts of this case.

The first of these is that the information is ambiguous in specifically mentioning section 15 as the one violated. This is some indication that defendant was not fully apprized of the nature of the offense against it. The *fiscal* maintains that section 15 is sufficient in itself to justify this prosecution. We have now held that it does not. Nevertheless the section is not as clearly worded as it might be and the defendant may have readily been misled into thinking that it was being prosecuted thereunder.

The evidence introduced by the defendant tended to show that the defendant corporation was so misled. The latter introduced evidence tending to show that in point of fact it had not cheated its patrons. Respectable witnesses so testified.

The appellant, a corporation, assigned error on the ground that sections 453 to 458 of the Code of Criminal Procedure had not been followed. These sections refer to the necessity of a preliminary hearing before a justice of the peace, an officer now frequently substituted by a municipal judge. In answer to this contention the *fiscal* cites the case of *People* v. *Mayagüez Fruit Packing Co.*, 24 P.R.R. 294. That case only decides that the fact of such preliminary proceedings need not be stated in the information. We are inclined to agree with the appellant that evidence of this preliminary step was a condition precedent to a successful prosecution. The doubt we have is whether the question should not have been raised in some way in the court below.

The appellant gives considerable space in its brief to attempt to show that the government did not prove beyond a reasonable doubt that the scale registered short of weight. Some testimony there was of differences dependent upon the position on the scale of the things to be weighed, but the appellant does not convince us that this was not a question to be weighed by the judge like any other evidence in conflict.

On the whole, for the vagueness of the information in

connection with the proof and for the error in the judgment the latter should be reversed and the case sent back for proceedings not inconsistent with this opinion.